**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MARVIN L. REEVES, JR.,
ADC #119838                                                                                            PLAINTIFF

V.                                            NO. 2:11CV00189 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, *et al.*                                       DEFENDANTS

**OPINION AND ORDER**

Marvin L. Reeves, Jr., is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction. He has filed this *pro se* § 1983 action alleging that Defendants found him guilty of disciplinary infractions in retaliation for him filing an informal resolution. The parties have filed cross motions for summary judgment. For the following reasons, plaintiff's motion for summary judgment is denied, defendants' motion for summary judgment is granted, and this case is dismissed with prejudice.

**I.**

A court should enter summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the moving party meets this burden, the nonmoving party

must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir.2011) (en banc). In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir.2008). A genuine dispute exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511. When a nonmoving party cannot make an adequate showing sufficient to establish a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. at 2552.

## II.

On June 27, 2011, Defendant Sergeant Ben Lemon, Jr. was monitoring inmates in the south hall of the East Arkansas Regional Unit. Around noon, he observed Reeves knocking on the prison infirmary door. Lemon ordered Reeves to leave the infirmary and report to the hoe squad. Lemon then verified with the infirmary staff that Reeves had not submitted a sick call request. Around 1:00 p.m., Reeves wrote an informal resolution accusing Lemon of improperly denying him permission to go to the infirmary.

Around 4:00 p.m., Lemon saw Reeves again in the south hall. Lemon gave Reeves a direct order to return to his barracks. Reeves refused to do so and proceeded down the hall. Lemon gave Reeves a second direct order to return to his barracks. Again, Reeves refused and continued to walk down the hall. Lemon then gave Reeves a third direct order to return to his barracks. At that point, Reeves cursed Lemon and returned to his barracks.

At 4:35 p.m., Lemon wrote a disciplinary charge accusing Reeves of failing to obey direct

orders, being insolent to staff, using abusive/obscene language, and being out of place of assignment.

A disciplinary hearing was held on July 13, 2011. During the hearing, Reeves testified that Officer Gardner had given him permission to go to the infirmary. Doc. #29, Ex. 2. The disciplinary hearing officer then reviewed Officer Gardner's witness statement and Lemon's disciplinary charge against Reeves. After doing so, the hearing officer found Reeves guilty of failing to obey a direct order, being insolent to staff, and using abusive/obscene language. As punishment, he ordered Reeves to spend fifteen days in punitive isolation, and he reduced his class. Defendants Danny Burl and Ray Hobbs subsequently affirmed the disciplinary convictions on appeal.

**III.**

Prison officials cannot "impose a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right." *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007). "A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009). As to the third factor, the Eighth Circuit has emphasized that retaliation must be the "actual motivating factor," and that the disciplinary action would not have been taken "but for" the retaliatory motive. *Sisneros v. Nix*, 95 F.3d 749, 737 (8th Cir. 1993); *Goff v. Burton,* 7 F.3d 734, 737-38 (8th Cir. 1993).

In this case, it is clear that Reeves had a First Amendment right to file an informal resolution against Lemon. *See Haynes*, 588 F.3d at 1165; *Lewis v. Jacks,* 486 F.3d 1025, 1029 (8th Cir. 2007). Similarly, it is undisputed that Reeves was disciplined. Thus, the issue is whether retaliation was the actual motivating factor for Reeves disciplinary convictions.

A disciplinary conviction cannot be deemed retaliatory if it was issued for an actual violation of prison rules. *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008); *Moots v. Lombardi,* 453 F.3d 1020, 1023 (8th Cir. 2006). Stated differently, a retaliation claim fails, as a matter of law, if there was "some evidence" to support the disciplinary conviction. *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994); *Goff,* 7 F.3d at 738. The Eighth Circuit has clarified that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield,* 511 F.3d at 831; *see also Henderson,* 29 F.3d at 469. Importantly, this rule applies even if the report is written by the officer who is alleged to have engaged in the retaliatory conduct. *Id.*

In this case, an impartial disciplinary hearing officer reviewed Reeves's testimony, Officer Garner's witness statement, and Lemon's disciplinary charge. After doing so, he concluded that Reeves had committed three disciplinary infractions. Because that finding is supported by "some evidence," it is not, as a matter of law, retaliatory. *See Henderson*, 29 F.3d at 469 (explaining that a disciplinary conviction that is supported by some evidence "essentially checkmates" a retaliation claim). Accordingly, summary judgment is granted to defendants.

## CONCLUSION

For the forgoing reasons, Reeves' motion for summary judgment (Doc. #37) is DENIED. Defendants' motion for summary judgment (Doc. #29) is GRANTED, and this case is DISMISSED WITH PREJUDICE. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 7th day of September, 2012.

                                                               */s/ J. Leon Holmes*
                                                              J. LEON HOLMES
                                                              UNITED STATES DISTRICT JUDGE